**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10237
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JORMAN JOSE GOITIA,

*Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20080-RKA-2
_____

_____

No. 23-10255
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

2                          Opinion of the Court                        23-10237

*versus*

DARIBEL SANCHEZ,

*Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20080-RKA-3
_____

_____

No. 23-10310
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSE ANTONIO RODRIGUEZ,

*Defendant- Appellant.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20080-RKA-1
_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

In these consolidated appeals, codefendants Jorman Jose
Goitia, Daribel Sanchez, and Jose Antonio Rodriguez appeal their

convictions under the Maritime Drug Law Enforcement Act ("MDLEA") for conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States. Goitia also appeals his sentence.

Defendants first argue that the district court erred in denying their motion to dismiss the indictment because the MDLEA cannot be enforced within a foreign country's Exclusive Economic Zone ("EEZ"). Second, Sanchez and Rodriguez assert that 46 U.S.C. § 70502(d)(1)(C)'s definition of a "vessel without nationality" allows the United States to authorize jurisdiction over vessels that are not stateless under international law, which is an unconstitutional expansion of Congress's power. Third, Goitia contends that the MDLEA violates principles of due process because there are no contacts between him and the United States, and that his Confrontation Clause rights were violated because of his inability to challenge the certification of jurisdiction made by the State Department. Finally, Goitia urges that the district court erred at sentencing in failing to grant him a minor-role adjustment under U.S.S.G. § 3B1.2. After careful review of the record and the parties' briefs, we affirm.

**I.**

On or about February 8, 2022, the defendants were discovered on a go-fast vessel approximately 169 miles southeast of Isla Beata, Dominican Republic. The vessel did not display any indicia of nationality. When boats deployed by the Coast Guard approached to investigate, the defendants began to throw packages

overboard. The Coast Guard collected the packages and gained control of the vessel. Upon questioning by Coast Guard officers, none of the defendants claimed to be the master of the vessel, but all three made a claim of Colombian nationality. The government of Colombia was contacted, and it could neither confirm nor deny registration of the vessel, so the vessel was treated as a vessel without nationality and subject to the jurisdiction of the United States. Field tests of the bales were positive for cocaine. The Coast Guard recovered a total of fifteen bales, which had a "sea weight" of 386 kilograms.

A federal grand jury returned a two-count indictment against Defendants, charging them with drug-trafficking offenses under the MDLEA. Defendants jointly moved to dismiss the indictment on two main grounds. They argued that the district court lacked subject-matter jurisdiction because Congress lacks the authority to define and punish crimes within the Exclusive Economic Zone or EEZ of another country, which they say is not part of the "high seas," and because the MDLEA defines statelessness more broadly than customary international law. After the government responded in opposition, Goitia filed a reply additionally arguing that dismissal was warranted because there were no minimum contacts between his conduct and the United States to satisfy due process, and that the State Department's certification of jurisdiction under the MDLEA violated his rights under the Confrontation Clause.

The district court denied the joint motion to dismiss the indictment. The court found that the MDLEA was constitutional both on its face and as applied to Defendants' conduct, and that Goitia's due-process argument was both forfeited and foreclosed by binding precedent. The court did not address the Confrontation Clause argument.

Then, under written plea agreements, which set forth the offense conduct described above, Defendants pled guilty to one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b). The district court accepted Defendants' pleas and sentenced Rodriguez to 72 months' imprisonment and Goitia and Sanchez to 96 months' imprisonment. The court sentenced Defendants below the ordinary mandatory minimum sentence of 120 months under the "safety value." *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a).

At Goitia's sentencing, the district court overruled his objection that he should receive a minor-role adjustment under U.S.S.G. § 3B1.2.[1] Applying our *en banc* decision in *United States v. Rodriguez De Varon*, the court found that Goitia's role in the offense was not minor because he was held accountable for only the 386 kilograms on the boat, not the entire amount that the organization transported, and that his role was similar to those of his codefendants.

---

[1] Sanchez also objected to the lack of a minor-role adjustment, but he has not raised the issue on appeal.

6                      Opinion of the Court                  23-10237

*See United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*).  The court also addressed the factors listed under § 3B1.2 and determined that they did not support a minor-role reduction.  Although Goitia did not plan or organize the activity, the court stated, he understood the scope and structure of the criminal activity, he was entrusted with decision-making authority while on the open sea, he and the codefendants were the only ones participating in the charged criminal activity, and they would profit from the enterprise.

Defendants now appeal their convictions, and Goitia also appeals his sentence.  We granted the government's unopposed motion to consolidate the appeals for disposition.

## II.

We start with Defendants' challenges to the constitutionality of their convictions.  We review de novo both the denial of a motion to dismiss an indictment on subject-matter jurisdictional grounds and the constitutionality of a statute.  *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024).  A defendant's guilty plea does not bar him from challenging the constitutionality of the statute of conviction.  *Class v. United States*, 583 U.S. 174, 178 (2018).

## A.

Defendants first maintain that the MDLEA is unconstitutional as applied to offenses, like theirs, committed within the EEZ of another country.  They contend that EEZs are not considered part of the "high seas" under customary international law and

therefore fall outside the scope of the "high seas" under the Constitution's Felonies Clause.

The Felonies Clause gives Congress the power "to define and punish . . . Felonies on the high Seas," among other offenses. U.S. Const., Art. I, § 8, cl. 10.  We have repeatedly upheld the MDLEA as a valid exercise of Congress's power under the Felonies Clause. *Alfonso*, 104 F.4th at 820.  Nonetheless, we have recognized that Congress "lacks the power to proscribe drug trafficking in the territorial waters" of another country. *Id.* at 821.

Recent binding precedent, issued while this appeal was pending, forecloses Defendants' arguments regarding the EEZ. *See United States v. Canario-Vilomar*, 128 F.4th 1374, 1382 (11th Cir. 2025); *Alfonso*, 104 F.4th at 823–24, 827.  The EEZ is a term of "relatively modern vintage" that refers to the area "just beyond a nation's territorial waters but within 200 miles of the coastal baseline." *Canario-Vilomar*, 128 F.4th at 1382.  In *Alfonso*, we held that "the EEZ is part of the 'high seas' for purposes of the Felonies Clause in Article I of the Constitution," rejecting the same arguments Defendants make here.  *See* 104 F.4th at 823–24.  We explained that the Founding Era concept of "high seas" began where "territorial waters" ended, without any other "[s]pecial carveout zones." *See id.* at 823–24.  And we rejected the view that customary international law limited the scope of Congress's power under the Felonies Clause. *Id.* at 825–26.

"Because the 'high seas' includes EEZs, enforcement of the MDLEA in EEZs is proper, and the district court properly denied

[Defendants'] motion to dismiss the indictment." *Id*. at 827. While Defendants believe that *Alfonso* is wrongly decided, we remain bound by its holding under our prior-precedent rule. *See Canario-Vilomar*, 128 F.4th at 1382 ("Under our prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*.") (quotation marks omitted).

**B.**

Next, Sanchez and Rodriguez argue that § 70502(d)(1)(C) is unconstitutional because it allows the United States to exercise jurisdiction over vessels that are not considered stateless under customary international law, and that their vessel was not stateless because they claimed Colombian nationality.

The MDLEA prohibits knowing possession of controlled substances with intent to distribute while on board a vessel subject to the jurisdiction of the United States. *United States v. Nunez*, 1 F.4th 976, 984 (11th Cir. 2021); *see* 46 U.S.C. § 70503(a). The MDLEA describes conditions in which vessels are subject to the jurisdiction of the United States, including when vessels are "without nationality." 46 U.S.C. § 70502(c)(1)(A). A vessel without nationality can include "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id*. § 70502(d)(1)(C). The response of a

foreign nation is "proved conclusively by certification" of the Secretary of State.  *Id.* § 70502(d)(2).

Recently, in *Canario-Vilomar*, we rejected the argument "that the MDLEA's definition of a vessel without nationality—specifically, the inclusion of vessels for which a claimed nation can neither confirm nor deny registration [§ 70502(d)(1)(C)]—is ultra vires."  128 F.4th at 1381.  Relying on *Alfonso*'s holding that the Felonies Clause is not limited by customary international law, we reasoned that "international law cannot limit Congress's authority to define 'stateless vessel' for purposes of the MDLEA."  *Id.; see Alfonso*, 104 F.4th at 826.  Accordingly, *Canario-Vilomar* forecloses Sanchez and Rodriguez's argument that the MDLEA's definition of stateless vessels exceeds Congress's authority under the Felonies Clause.  *See Canario-Vilomar*, 128 F.4th at 1381–82.

## C.

Goitia raises two final challenges to his conviction.  Goitia contends that the lack of any nexus between his conduct and the United States violates due process, but *Canario-Vilomar* recently described a similar argument as "plainly foreclosed" by our precedent.  *See* 128 F.4th at 1382–83 ("As we have explained repeatedly, the conduct proscribed by the [MDLEA] need not have a nexus to the United States because universal and protective principles support its extraterritorial reach.") (quotation marks omitted); *see also United States v. Campbell,* 743 F.3d 802, 810 (11th Cir. 2014).

Goitia also argues that his inability to challenge the State Department's certification violated his confrontation rights.  But our

precedent holds that "the introduction of a Secretary of State certification to establish extraterritorial jurisdiction under the MDLEA does not violate the Confrontation Clause and does not constitute inadmissible hearsay." *Cabezas-Montano*, 949 F.3d at 588; *see also United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016).

## III.

Finally, we review for clear error the district court's determination of Goitia's role in the offense under § 3B1.2. *De Varon*, 175 F.3d at 937. The court has "considerable discretion" in determining whether a role reduction is appropriate. *United States v. Boyd*, 291 F.3d 1274, 1277-78 (11th Cir. 2002). So long as the "court's decision is supported by the record and does not involve a misapplication of law," the "choice between two permissible views of the evidence as to the defendant's role in the offense will rarely constitute clear error." *Cruickshank*, 837 F.3d at 1192 (quotation marks omitted).

Section 3B1.2 of the Sentencing Guidelines directs the sentencing court to decrease a defendant's offense level by two levels "[i]f the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2. A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.*, cmt. 5. The defendant "bears the burden of proving a mitigation role in the offense by a preponderance of the evidence." *De Varon*, 175 F.3d at 939.

Goitia argues that he was less culpable than participants in the "higher echelons" of the drug-trafficking conspiracy, such as

those "who cultivate the drugs, own the drugs, organize the drug voyage, obtain the vessel, and recruit the crew."  But in *De Varon*, we held "that a defendant's role in the offense may not be determined on the basis of criminal conduct for which the defendant was not held accountable at sentencing."  175 F.3d at 941.  That is, the defendant must "establish that she played a relatively minor role in the conduct for which she has already been held accountable—not a minor role in any larger criminal conspiracy."  *Id.* at 944.

Goitia was charged in an indictment that involved two other people and did not involve some larger, unspecified conspiracy.  *See United States v. Martin*, 803 F.3d 581, 591 (11th Cir. 2015) ("Only those participants who were involved in the relevant conduct attributed to the defendant may be considered." (quotation marks omitted)).  Goitia may not prove he is entitled to a minor-role reduction merely by pointing to a broader criminal scheme in which his role was minor but for which he was not charged.

Further, the district court did not clearly err in denying a minor-role reduction under § 3B1.2(b).  Goitia knowingly participated in the illegal transportation of a large quantity of cocaine, he and his transportation role were important to that scheme, and he was held accountable for that conduct only.  *See Cabezas-Montano*, 949 F.3d at 607 (considering these same factors in affirming the denial of a minor-role reduction); *see also United States v. Valois*, 915 F.3d 717, 732 (11th Cir. 2019) (same).  And the record supports the district court's assessment that Goitia was not less culpable than most other participants in the criminal activity for which he was held

12                     Opinion of the Court                    23-10237

accountable.  *See Valois*, 915 F.3d at 732–33.  Because the decision was consistent with *De Varon* and supported by the record, the district court did not clearly err in denying Goitia a minor-role reduction under § 3B1.2.

**AFFIRMED.**